On Application for Rehearing.
PER CURIAM.
[4] Further consideration of the question of the personal liability of the defendants, under Act 147 of 1902, has led us to the conclusion that there is little or no difference, in that respect, between the provisions of that act and those of Act 113 of 1886, and that, considering those statutes, respectively, in all their parts, as, also, the general jurisprudence upon the subject, the better construction is that adopted by the court in Barber Asphalt Paving Co. v. Watt, 51 La. Ann. 1354, 26 South. 70.
*910 [5] We have also concluded that the paving contract calls for the driveways, and that the defendants ■ are not estopped to contest the extra charge, and,. as we find it necessary, for the other reasons stated, to so correct the judgment as to entitle defendants to the costs of the appeal, our decree as handed down will be corrected in that respect also.
It is therefore ordered that the decree heretofore handed down be so amended as to read as follows:
It Is ordered that there now be judgment in favor of the town of De Ridder, in the matter of Town of De Ridder v. John H. Lewis, No. 134 of the docket of the district court, and against the property of said Lewis, described, in the petition therein filed, as “commencing 55 feet south of the northeast corner of lot 18 of the Shirley subdivision to the town of De Ridder, La., south 70 feet, thence west 208% feet, thence north 70 feet, thence east 208% feet to the place of beginning,” in the sum of $74.41, and against the property described as commencing at the southeast corner of lot 20 of the Shirley subdivision of the town of De Ridder, La., north 104% feet, west 208% feet, thence south 104% feet, thence east 208% feet to the place of beginning,” in the sum of $110.91; and that there be judgment in favor of the town of De Ridder in the matter of Town of De Ridder v. John A. Wilson, No. 136 of the docket of the district court, and against the property described, in the petition therein filed, as the “south 92 feet of lot 16, Shirley subdivision to the town of De Ridder, situated in Beauregard parish, La.,” in the sum of $110.91.
It is further adjudged and decreed that the amounts so awarded shall bear interest at the rate of 6 per cent, per annum, from July 25, 1913, until paid; that plaintiff be recognized as having a lien and privilege for the said amounts and interest upon the respective properties condemned for their payment, priming all other claims save those which may be due for taxes; and that said properties be seized and sold by the sheriff, and plaintiff’s judgments, respectively, be credited with the proceeds thereof, respectively, including all the costs of the district court, by preference, privilege, and priority, over all other claims, save those for taxes due on said properties, respectively.
It is further decreed that plaintiff pay the costs of this appeal, and defendants those of the district court.
It is further ordered that the right be reserved to plaintiff to apply for a rehearing herein, within the usual delay as provided by law in other cases.
Rehearing refused.